# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| Graybar Electric Company, Inc., | ) |
|                 Plaintiff, | ) Civil Action No.: 3:20-cv-00167-JMC |
| v. | ) **ORDER AND OPINION** |
| L & S Electrical Contractors, Inc. and Shonna King, | ) |
|                 Defendants. | ) |

This matter is before the court for review of Plaintiff Graybar Electric Company, Inc.'s ("Plaintiff") Motion for Default Judgment, brought pursuant to Rule 55(b) of the Federal Rules of Civil Procedure. (ECF No. 28.) Defendants L & S Electrical Contractors, Inc. ("L&S") and Shonna King ("King") (collectively, "Defendants") failed to respond to Plaintiff's Motion. For the reasons set forth herein, the court **GRANTS** Plaintiff's Motion for Default Judgment. (ECF No. 28.) A subsequent hearing will be scheduled for Plaintiff to prove the amount of its alleged damages and attorney's fees owed by Defendants.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In early 2016, a contractor[1] entered into an agreement with the United States Army Corps of Engineers to construct a project at Fort Jackson in Columbia, South Carolina ("Project"). (ECF No. 1 at 3 ¶ 8.) The contractor hired subcontractor L&S several months later "to furnish labor, materials, equipment[,] and other facilities" at the Project. (*Id.* at 4 ¶ 10.) In turn, L&S "contracted

---

[1] The contractor, ACC Construction Co., Inc., obtained a bond "from Liberty Mutual [Insurance Company] in the penal sum of $45,034,874.00, as required by the Corp[s] of Engineers." (ECF No. 1 at 3 ¶ 9.) Both ACC and Liberty Mutual were named Defendants in this case but Plaintiff has since stipulated to the dismissal of all claims against them. (*See* ECF No. 39.)

1

with Graybar to provide materials" at the Project. (*Id.* ¶ 12.)

As part of the agreement with Graybar, L&S "agreed to Graybar's Terms of Sale," which stated that invoices are due within thirty days; a "monthly service charge" is added to any untimely, unpaid invoices; and L&S would pay "all of its obligations . . . including attorneys' fees in the event [L&S] defaulted on payment for goods." (*Id.* ¶¶ 13-16.) Further, King, who is the CEO and service designee of L&S, "signed a personal guaranty of her company's debt to Graybar." (*Id.* at 3, 5 ¶ 6, 17.) Thereafter, Graybar "furnished materials to [L&S] on certain improvements" at the Project, amounting to nearly $100,000, including service charges, which "[L&S] and King refused to pay[.]" (*Id.* at 5 ¶ 18-20.) "[L&S] and King did not dispute the charges set forth in the Invoices, they just refused to pay them." (*Id.* ¶ 20.)

Graybar subsequently brought suit against Defendants, alleging Breach of Agreement and Guaranty; Quantum Meruit, Quasi Contract, and Unjust Enrichment; Constructive Trust; Federal Miller Act Payment Bond Claim; and Attorneys' Fees and Expenses of Litigation. (*Id.* at 8-12.) At bottom, "[a]fter tax exemption certificates are applied," Graybar seeks "$87,911.27 for materials furnished, plus interest of $14,035.94 through [December 25, 2019]," and an additional $43.96 of "interest accru[ed] thereafter." (ECF Nos. 1 at 7 ¶¶ 34, 36; 28 at 5, 6 (internal citations omitted).) Graybar also requests "attorneys' fees and costs of $19,756 and $500, respectively." (ECF No. 28 at 7.)

## II. JURISDICTION

This court has jurisdiction over Plaintiff's 40 U.S.C. § 3131 claim via 28 U.S.C. § 1331, as the claim arises under a law of the United States. The court additionally has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a) because these claims

"are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." *Id.*

### III. LEGAL STANDARD

The court may enter a default judgment against a party that has not properly responded to a complaint in a timely manner. FED. R. CIV. P. 55. A defendant has twenty-one days "after being served with the summons and complaint" to file a written response before they may be entered as in default. *See* FED. R. CIV. P. § 12(a)(1). When a defendant defaults, the court is to accept as true the well-pleaded factual allegations in the Complaint as to the defendant's liability. *See Ryan v. Homecomings Fin. Network,* 253 F.3d 778, 780-81 (4th Cir. 2001). Unlike allegations of fact, the court does not accept allegations regarding damages as true, but rather makes its own independent determination. *See Credit Lyonnais Secs. (USA), Inc. v. Alcantara,* 183 F.3d 151 (2d Cir. 1999). In this regard, "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." FED. R. CIV. P. 54(c).

### IV. DISCUSSION

Defendants failed to plead or otherwise defend within twenty-one days and are now in default.[2] Therefore, Plaintiff's allegations in the Complaint are deemed admitted and it is entitled to a default judgment against Defendants for Breach of Agreement and Guaranty; Federal Miller Act Payment Bond Claim; and Attorneys' Fees and Expenses of Litigation.[3] (ECF No. 1 at 8-12.) FED. R. CIV. P. 55(b)(2). *See, e.g., Bank Meridian, N.A. v. Motor Yacht "It's 5 O'Clock Somewhere" Official No. 1073764,* C/A No. 2:09-594-MBS, 2011 WL 2491369, at *2 (D.S.C.

---

[2] Defendants were appropriately served. (*See* ECF Nos. 8, 9).
[3] By proving its Breach of Agreement claim in Count I, Plaintiff observes that an award under Counts II or III of the Complaint "would represent duplicative recovery for the same claim," as both Counts were brought in the alternative to Count I. (ECF No. 28 at 5 n.1.)

June 21, 2011); *see also J&J Sports Prods., Inc. v. Collective Minds, LLC*, C/A No. 3:17-cv-02346-CMC, 2017 WL 5988207, at *1 (D.S.C. Dec. 4, 2017) (noting that liability is established by a defendant's default); *J&J Sports Prods., Inc. v. Segura*, C/A No. 3:12-cv-03241–CMC, 2013 WL 1194844, at *2 (D.S.C. Mar. 22, 2013) (same).

As Defendants' liability to Plaintiff has been established, the court must determine the amount of damages to be awarded. *See Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780-81 (4th Cir. 2001); F	ED. R. C	IV. P. 54(c) ("A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings."). The court will hereafter schedule a hearing at which Plaintiff shall demonstrate why it believes it is owed "$87,911.27 for materials furnished, interest of $14,035.94 through [December 25, 2019]," an additional $43.96 of "interest accru[ed] thereafter," and "attorneys' fees and costs of $19,756 and $500, respectively." (ECF Nos. 1 at 7 ¶¶ 34, 36; 28 at 5, 6-7 (internal citations omitted).) The court will then make an independent determination of damages.

## V. CONCLUSION

For the reasons stated herein, the court **GRANTS** Plaintiff's Motion for Default Judgment. (ECF No. 28.) The court will subsequently schedule a hearing for Plaintiff to prove its alleged damages and attorney's fees against Defendants.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

February 8, 2021
Columbia, South Carolina